**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT J. DEFILIPPO,<br>      Plaintiff,<br><br>v.<br><br>ANDRE J. ALMEIDA, *et al.*,<br>      Defendants. | Civil Action No.: 17-13026 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court on the motion of Trooper Andre J. Almeida ("Almeida") of the New Jersey State Police to dismiss, in part, the complaint of Vincent J. Defilippo ("Plaintiff"). (ECF No. 1). Almeida moves to dismiss all claims brought against him in his official capacity for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 10). Almeida further moves to dismiss Plaintiff's Fourth and Fifth Counts for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). Plaintiff opposes. (ECF No. 14).

Pursuant to Federal Rule of Civil Procedure 78(b), the Court decides the motion without oral argument. Having considered the parties' submissions, the Court will grant Almeida's motion in part and deny it in part.

## II. BACKGROUND

### A. Plaintiff's Arrest

On or about December 15, 2015, Plaintiff was driving on U.S. Route 1 & 9 in Jersey City, NJ. (Compl. ¶ 7). At approximately 12:37 a.m., Almeida initiated a motor vehicle stop of Plaintiff's vehicle; Almeida suspected Plaintiff of striking two traffic cones. (Compl. ¶ 8). Plaintiff was subsequently arrested on suspicion of driving under the influence of alcohol. (Compl. ¶ 9).

Plaintiff alleges that, prior to and during his arrest, Almeida assaulted him. (Compl. ¶ 10). Plaintiff claims to have suffered significant injuries, including fractured ribs, nasal injuries, and extensive contusions. (*Id.*). Specifically, Plaintiff alleges that Almeida and other unknown law enforcement officers physically removed him from his vehicle, placed him under arrest, and handcuffed him so tightly that he experienced a significant wrist injury. (Compl. ¶ 11).

Following the arrest, Plaintiff was taken to a nearby State Police Barracks for processing, (*id.*); Plaintiff was subsequently charged with Obstruction and Resisting Arrest in violation of New Jersey criminal statutes.

### B. Subsequent Procedural History

On or about February 26, 2016, Plaintiff filed a Notice of Tort Claim on the State of New Jersey. (Compl. ¶ 13). On April 5, 2016, Plaintiff pleaded guilty to the New Jersey motor vehicle offenses of Driving While Intoxicated and Refusal to Submit to Chemical Breath Testing. (Compl. ¶ 14). At that time, the remaining charges against Plaintiff were dropped on the State's motion. (*Id.*). Plaintiff instituted this action on December 13, 2017.

Plaintiff's complaint alleges numerous claims against Almeida under a variety of federal and state statutes, as well as New Jersey tort claims.[1] Plaintiff's claims are organized under five Counts:

- First Count—Excessive Force in violation of 42 U.S.C. § 1983 ("§ 1983"), New Jersey Civil Rights Act N.J.S.A. § 10:6-2 ("NJCRA"), and the New Jersey Constitution. (Compl. ¶¶ 15-20).
- Second Count—Failure to Intervene in violation of § 1983, NJCRA, and the New Jersey Constitution. (Compl. at ¶¶ 21-25).
- Third Count—Assault and Battery. (Compl. ¶¶ 26-29).
- Fourth Count—Civil Conspiracy. (Compl. ¶¶ 30-33).
- Fifth Count—Intentional Infliction of Emotional Distress. (Compl. ¶¶ 34-38).

Almeida now moves to dismiss all Counts to the extent that they allege claims against him in his official capacity on the ground that such claims are barred by the Eleventh Amendment to the United States Constitution. (ECF No. 10-1 ("Def.'s Brief") at 2). Almeida further moves to dismiss Plaintiff's Fourth and Fifth Counts on the ground that Plaintiff has failed to state a claim upon which relief can be granted. (*Id.*). Almeida does not appear to argue that Plaintiff's First through Third Counts should be dismissed to the extent that they state claims against Almeida in his individual capacity, and therefore such claims may proceed at this time.

---

[1] Almeida is sued individually and in his official capacity as a law enforcement officer. (Compl. ¶¶ 4-6).

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

A motion to dismiss based on sovereign immunity is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because sovereign immunity implicates the Court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). In considering a motion pursuant to Rule 12(b)(1), the Court must determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* at 358. A factual attack, in contrast, "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* Here, Almeida's motion asserts the defense of sovereign immunity based on the facts as pleaded in the complaint and is thus a facial attack. Accordingly, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.*

4

Further, "Eleventh Amendment immunity is an affirmative defense" and thus Almeida bears the burden of showing that it applies. *Carter v. City of Philadelphia*, 181 F.3d 339, 347 (3d Cir. 1999).

### B.   Federal Rule of Civil Procedure 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. DISCUSSION

### A. Official Capacity Claims

As indicated above, Plaintiff's complaint states that Almeida is sued individually and in his official capacity. (Compl. ¶¶ 4-6). Almeida argues that claims against him in his official capacity as a New Jersey State Trooper should be dismissed because such claims are barred by the Eleventh Amendment to the United States Constitution. (Def.'s Brief at 8-10). The Court agrees.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., amend. XI. The Amendment "has been interpreted to make states generally immune from suit by private parties in federal court," and this sovereign immunity "extends to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atlantic Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Third Circuit has held that the Eleventh Amendment barred suit against a state police department and its individual troopers in their official capacities. *See Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (affirming dismissal of Pennsylvania State Police and individual state troopers in their official capacities). Thus, the Court agrees with Almeida that he enjoys sovereign immunity from claims brought against him in his official capacity.

There are three exceptions to sovereign immunity: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI*, 271 F.3d at 503. None of the exceptions apply in this case. First, Congress did not abrogate the States' sovereign immunity in enacting § 1983. *Walker v. Beard*, 244 F. App'x 439, 440 (3d Cir. 2007) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Second, there is no indication that sovereign immunity has been waived in this case.

6

Third, Plaintiff brings claims for damages against an individual State Trooper, and Plaintiff's complaint does not include a prayer for injunctive or prospective relief. (Compl. at 8). Thus, no exception applies.[2]

Moreover, the Court agrees with Almeida, (Def.'s Brief at 6), that claims against him in his official capacity must be dismissed because he is not a "person" within the meaning of § 1983. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Ellington*, 532 F. App'x at 56 (individual state troopers were not "persons" within the meaning of § 1983 when acting in their official capacities) (citations omitted). Thus, Plaintiff's § 1983 claims against Almeida in his official capacity must be dismissed.[3] The same reasoning requires dismissal of the NJCRA claims against Almeida in his official capacity. *See Didiano v. Balicki*, 488 F. App'x 634, 638 (3d Cir. 2012) (concluding that the definition of a "person" liable under NJCRA "does not include the State or defendants which are the functional equivalent of the State").

Therefore, claims against Almeida in his official capacity are barred by the Eleventh Amendment. Moreover Almeida, sued in his official capacity, is not a "person" within the

---

[2] The same analysis applies to Plaintiff's state claims. *See Endl v. New Jersey*, 5 F.Supp. 3d 689, 696-97 (D.N.J. 2014) (dismissing § 1983 and NJCRA claims against state corrections officers sued in their official capacities based on sovereign immunity, as the same sovereign immunity reasoning applies in the case of both NJCRA and § 1983 claims).

[3] The Court notes that Almeida has not moved to dismiss the § 1983 claims brought against him in his individual capacity. (ECF No. 10-1 at 2).

meaning of § 1983 or NJCRA. The Court therefore will dismiss all claims against Almeida in his official capacity.

### B.     Civil Conspiracy

Almeida argues that Count Four of the complaint fails to state a claim for civil conspiracy and should be dismissed pursuant to Rule 12(b)(6). (Def.'s Brief at 11-12).

Under New Jersey law, civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.'" *Morgan v. Union Cty. Bd. of Chosen Freeholders*, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993) (quoting *Rotermund v. U.S. Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir. 1973)). Because evidence of an agreement is often circumstantial, plaintiffs are not required to prove the agreement by direct evidence. *Id.* at 998. Rather, the "question of whether an agreement exists should not be taken from the jury' if there is a possibility that the jury can 'infer from the circumstances that the alleged conspirators had a meeting of the minds and thus reached an understanding' to achieve the conspiracy's objectives." *Prunkel v. County of Bergen*, No. 17-5154, 2017 WL 5483165, at *6 (D.N.J. Nov. 15, 2017) (quoting *Morgan*, 633 A.2d at 998).

Here, Plaintiff alleges that Almeida and the other defendants participated in a conspiracy to perpetrate assault, battery, and deprivations of Plaintiff's civil rights. (Compl. ¶¶ 26-33). Specifically, Plaintiff has alleged that Almeida and the unnamed defendants worked together to physically remove him from his vehicle, (Compl. ¶ 11), and use excessive force during his arrest, (Compl. ¶ 22). Plaintiff further alleges that each defendant stood by and allowed him to be assaulted, (Compl. ¶¶ 24-25), and that each defendant then acted to conceal what had occurred,

8

(Compl. ¶ 25). As for damage, Plaintiff alleges that he suffered multiple rib fractures and other injuries. (Compl. ¶ 10). These allegations, taken as true, support an inference that Almeida and at least one other person reached a meeting of the minds, agreed to unlawfully harm Plaintiff, and subsequently took overt action to achieve their goal, resulting in actual harm. Plaintiff thus has made sufficient allegations to state a claim for civil conspiracy. *See Prunkel*, 2017 WL 5483165, at *6 (plaintiff stated a *prima facie* case for civil conspiracy when he alleged that several police officers acted in concert to frame him for a firearms offense). Therefore, the Court will deny Almeida's motion to dismiss Plaintiff's Fourth Count.

### C. Intentional Inflictrion of Emotional Distress

Almeida also argues that Count Five of the complaint should be dismissed because Plaintiff fails to state a claim for intentional infliction of emotional distress. (Def.'s Brief at 12-14).

To plead a claim for intentional infliction of emotional distress under New Jersey law, a plaintiff "must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Sav. Fund. Soc'y*, 544 A.2d 857, 863 (N.J. 1988). "Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow." *Id.* (citations omitted).

In considering the severity of Plaintiff's emotional distress, "the court 'decides whether as a matter of law [severe] emotional distress can be found.'" *Tarr v. Ciasulli*, 853 A.2d 921, 925 (N.J. 2004) (quoting *Buckley*, 544 A.2d at 864). To recover, a plaintiff must show distress so severe that no reasonable person could be expected to endure it. *See Buckley*, 544 A.2d at 864 (holding that the plaintiff had not shown severe distress where he merely claimed to have suffered embarrassment, headaches, and sleep deprivation).

The Court finds that the allegations of the complaint are insufficient to support a claim for intentional infliction of emotional distress. Plaintiff's allegations are limited to a conclusory restatement of the legal standard, (Compl. ¶ 36), and a general allegation that he suffered "emotional harm," (Compl. ¶ 37). Plaintiff does not describe the nature or intensity of his emotional suffering, nor does he explain the effect of his distress on his life or how it has altered his daily routine. *See Buckley*, 544 A.2d at 864-65 (citing cases). Because the complaint does not include allegations sufficient to establish that Plaintiff suffered severe emotional distress, it fails to state a claim for intentional infliction of emotional distress. *See Mascio v. Mullica Twp. Sch. Dist.*, No. 16-206, 2016 WL 4880511, at *4 (D.N.J. Sept. 13, 2016) (holding that the plaintiff's conclusory recitation of the elements of intentional infliction of emotional distress did not make out a claim for relief). Therefore, the Court will dismiss Plaintiff's Fifth Count without prejudice.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Almeida's motion as follows: (1) all claims against Almeida in his official capacity are dismissed with prejudice; (2) Almeida's motion to dismiss Plaintiff's Fourth Count, for civil conspiracy, is denied to the extent that such Count raises claims against Almeida in his individual capacity; and (3) Plaintiff's Fifth Count, for intentional infliction of emotional distress, is dismissed without prejudice. An appropriate Order accompanies this Opinion.

DATED: August 21, 2019

_____
**CLAIRE C. CECCHI, U.S.D.J.**