UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VINCENT J. DEFILIPPO,** | Civil Action No. 17-13026 (CCC) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| **ANDRE J. ALMEIDA, et al.** | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Plaintiff Vincent J. DeFilippo's failure to comply with Court orders and prosecute his case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff Vincent J. DeFilippo ("Plaintiff"), commenced this action on or about December 13, 2017 against Defendants Trooper Andre J. Almeida of the New Jersey State Police ("Almeida"), John & Jane Does 1-10, John & Jane Does 11-20. *See* Dkt. No. 1. Defendant Almeida filed a motion to dismiss certain claims [Dkt. No. 10], which the Court granted in part and denied in part [Dkt. No. 28].

On June 3, 2019, Plaintiff's attorney, Michael P. Rubas, Esq. of the Law Offices of Michael Peter Rubas, LLC ("Mr. Rubas") filed a motion to withdraw as counsel for Plaintiff. Dkt. No. 23. Mr. Rubas noted that since the filing of the Complaint, he had experienced "problems with his relationship with Plaintiff," including Plaintiff's failure to "[b]e available to participate in a timely fashion regarding this matter and to respond reasonably to requests from counsel." Dkt. No. 23-1, ¶ 10(b). The Court thereafter scheduled an in-person conference with all counsel and parties to

1

address the motion to withdraw. Dkt. No. 24. On August 27, 2019, the Court issued an Order to Show Cause ("OTSC") after Plaintiff failed to file any opposition or appear in-person at the conference to address the motion to withdraw. Dkt. No. 29. The OTSC required Almeida's counsel and Mr. Rubas to serve a copy of the OTSC on Plaintiff by certified mail, return receipt requested, and required Mr. Rubas to serve a copy of the OTSC on Plaintiff by email, and file proof of said service with the Court. *Id.* The OTSC also mandated that Plaintiff appear in-person before the Court on October 21, 2019 and submit a position paper no later than October 14, 2019. *Id.* Finally, the Court granted Mr. Rubas' motion to withdraw as counsel for Plaintiff and ordered Mr. Rubas to serve a copy of the order on Plaintiff by email and certified mail, return receipt requested. Dkt. No. 30.

On September 8, 2019, Mr. Rubas filed a letter advising the Court that it served Plaintiff a copy of the Order to Show Cause by email and had received acknowledgement of receipt from Plaintiff. Dkt. No. 31. October 14, 2019 came and went without any paper submission, or any other communication, from Plaintiff. Plaintiff then failed to appear for the OTSC hearing held on October 21, 2019.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff is solely responsible for his failure to comply with Court orders and to prosecute his case. By failing to effectively communicate with his counsel, Plaintiff made it impossible to meaningfully participate in this litigation. Plaintiff's counsel withdrew on August 27, 2019, and Plaintiff has made no apparent efforts to retain new counsel. Moreover, Plaintiff acknowledged receipt of the OTSC, but still failed to submit a position paper and appear in-person for the OTSC hearing on October 21, 2019. By failing to communicate with his prior counsel, or with the Court and failing to appear at the OTSC hearing, Plaintiff has effectively abandoned his case.

**2. Prejudice to Defendants.** Permitting Plaintiff's case to go forward when Plaintiff has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants. Plaintiff initiated this action and has not assisted his former attorney in prosecuting his case, and has since failed to respond or appear pursuant to any Court orders. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v.*

3

*Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. He failed to appear at his own attorney's motion to withdraw conference on August 27, 2019. Additionally, Plaintiff failed to submit a position paper on the required date, and he failed to appear at the OTSC hearing even after receiving and acknowledging receipt of the OTSC. Accordingly, Plaintiff's inaction in this matter supports dismissal.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court orders, to his own former counsel, and has failed to attend scheduled conferences before this Court. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Plaintiff to respond and appear, Plaintiff has not participated in prosecuting his case. No other sanction would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

In sum, Plaintiff did not appear in response to the Court's Order to make an appearance to show cause why this case should not be dismissed. Plaintiff also failed to meaningfully communicate with his counsel, which resulted in the Court granting Mr. Rubas' motion to

withdraw from representation of Plaintiff. As such, Plaintiff's failures and willful abandonment establish his inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **30th** day of **October, 2019**,

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b); and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Plaintiff; and it is

**ORDERED** that Defendant's counsel shall serve a copy of this Order by certified mail, return receipt requested and regular mail to Plaintiff.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**